IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS J. GIRTZ,                                   05-CV-1284-BR

       Plaintiff,
                                                   OPINION AND ORDER
v.

STATE OF OREGON; MICHAEL
GOWER, Superintendent, CRCI;
JOE DECAMP, Security Manager,
CRCI,

       Defendants.


**THOMAS J. GIRTZ**
#12779496
Columbia River Correctional Institution
9111 N.E. Sunderland Avenue
Portland, OR  97211-1708

       Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**KATHRYN A. COTTRELL**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4700
(503) 947-4700

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Unenumerated Motion to Dismiss (#10).  For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

Plaintiff Thomas Girtz, an inmate at Columbia River Correctional Institution (CRCI), brought this action alleging Defendants violated his Eighth and Fourteenth Amendment rights and the Americans with Disabilities Act when they failed to provide him with a left-handed guitar.  Defendants move to dismiss Plaintiff's Complaint on the basis that he has not exhausted his administrative remedies.

## STANDARDS

On a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint are considered true and are construed in the plaintiff's favor.  *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied,* 528 U.S. 1005 (1999).

"The failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)(citations omitted).  "In deciding a motion

2 - OPINION AND ORDER

to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  *Id*. at 1119-20 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988)(per curiam)).  If the court "concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  *Id*. (citation omitted).

## DISCUSSION

In 1995, Congress amended the Prison Litigation Reform Act, 42 U.S.C. § 1997e to provide "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The procedure established by the Bureau of Prisons for federal inmates to seek formal review of complaints relating to any aspect of their confinement is set forth in 28 C.F.R.   §§ 542.10-542.16.  These regulations direct the Oregon Department of Corrections (ODOC) to develop procedures for inmates to raise issues about conditions of confinement.  In response, ODOC developed a detailed procedure by which inmates may seek resolution of complaints related to their confinement.

The ODOC procedure is set forth at Oregon Administrative Rules 291-109-0100 through 291-109-0140.  This procedure requires

3 - OPINION AND ORDER

inmates to first communicate with "line staff" either face-to-face or in writing.  If this does not resolve the problem, an inmate may file a grievance.  If an inmate is not satisfied with the decision on his grievance, he may file an appeal with the Functional Unit Manager within fourteen days.  If an inmate is dissatisfied with the decision of the Functional Unit Manager, he may appeal the decision to the Assistant Director.  The administrative process is complete only after an inmate appeals the Functional Unit Manager's decision to the Assistant Director.

On May 22, 2005, Plaintiff filed a grievance with Defendant DeCamp regarding Plaintiff's efforts to obtain a left-handed guitar.  DeCamp responded to the grievance and explained to Plaintiff that guitars should be ordered through the canteen and DeCamp could not authorize a guitar to be sent into the institution.  Plaintiff did not appeal to the Functional Unit Manager or to the Assistant Director.  The Court, therefore, finds Plaintiff did not exhaust his administrative remedies, and, accordingly, Plaintiff's claims are barred by the PLRA.

Based on this record, the Court grants Defendants' Motion to Dismiss.  Although the Court recognizes it generally must give a *pro se* litigant leave to amend his complaint, the Court in this case finds it is "absolutely clear" the deficiencies of Plaintiff's Complaint cannot be cured by amendment.  *See Karim-Panahi*, 839 F.2d at 623.

4 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#10).

IT IS SO ORDERED.

DATED this 7th day of March, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER